# Standard Oil Company *v.* Weeks.

### *Assumpsit.*

(Decided April 21, 1910. 52 South. 443.)

1. *Sales; Construction of Contract.*—The contract in this case considered and held to require the delivery of the oil in iron drums, and not in wooden barrels.

2. *Same; Liability of Buyer.*—Where the contract of sale required the delivery of oil to be made in iron drums, deliveries attempted to be made in wood, but not accepted, would not render the buyer liable; but, if made in wood and accepted by the buyer, the buyer would be liable only for the quantity of oil actually received.

[Standard Oil Company v. Weeks.]

APPEAL from Coffee County Court.

Heard before Hon. J. N. HAM.

Action by the Standard Oil Company against J. T. Weeks and others, on account for goods sold. From a judgment granting inadequate relief plaintiff appeals. Affirmed.

J. F. SANDERS, for appellant. The contract was before the court, and the court erred in permitting the defendant to ask the witness Bowdoin as to the kind of receptacles the oil was to be delivered in.—*Foley v. Felrath,* 98 Ala. 176; *Drennan v. Smith,* 103 Ala. 396; *Barnhill v. Howard,* 104 Ala. 412; *McFadden. v. Henderson,* 128 Ala. 229; *Sullivan v. L. & N.,* 138 Ala. 650. The effect of this question was to vary or contradict the terms of written agreement.—*Couch v. Woodruff,* 63 Ala. 466; *Maness v. Henry,* 96 Ala. 459; *Thompson Co. v. Glass,* 136 Ala. 649; *Forbes v. Taylor,* 139 Ala. 286. The court erred in its oral charge.—*Capehardt v. Furman,* 103 Ala. 671; *Jones v. Brewer,* 79 Ala. 548; *Robinson v. Pogue,* 86 Ala. 257; *Sheffield v. Hull C. & Co.,* 101 Ala. 446.

KYLE B. PRICE, for appellee. No brief came to the Reporter.

McCLELLAN, J.—Action by appellant against appellees on account for goods sold. The judgment for plaintiff being less than the sum to which it conceived it was entitled, the plaintiff appeals.

The parties entered into a written contract on September 7, 1907, a copy of which is set out in the bill of exceptions. Adopting, for the occasion, the insistence for appellant that the court should have construed the written and sole contract, rather than, as it did, submit to the jury the question of intention of the parties in re-

spect to the character of receptacle in which it was thereby contemplated the deliveries of the deodorized gasoline should be made, we undertake the construction of the contract in the particular indicated.

The character of the receptacle in which this commodity was to be delivered is referred to three times in the instrument. As first appears, the reference is in this connection: "* * * At the price of 15½ cents per gallon f. o. b. Pensacola, Fla., all of the deodorized gasoline in iron drums. * * *" The second reference reads thus: "If deliveries are made in wood barrels the price will be 2 cents per gal. higher." The last reference appears in this wise: "Iron." Beneath "iron" are the words: "In this space insert whether delivery is to be made in wood or iron barrels or from tank wagons." It appears with reasonable certainty from the direction to "insert" in the space indicated at the bottom of the instrument the character of the receptacle to be used in deliveries that a blank contract was the foundation for the instrument executed by the parties. And it further appears that the insertion directed was made in the space indicated, and that the insertion contemplated deliveries in "iron." This feature of the contract made it in that respect consistent with the first reference to the character of the receptacle to be used, viz., "in iron drums." The second reference is to "wood barrels." It is obvious, when the entire instrument is taken into account, as must be done in the interpretation of the contract, that that reference is conditional at most. However, when it is observed that the clause beginning with the words, "if deliveries," and ending with the word, "higher," abruptly breaks into the midst of the sentence fixing the price and point of delivery and describing the character of receptacle to be used (preceding the interjected clause) and (following the inter-

jected clause), the phrase descriptive of the amount of gasoline it was to buy, viz., "which it may require in its regular business during the life of the contract" (December 31, 1907), there is left no room for doubt that the clause referring to wood barrels was not intended to control the express provisions for iron receptacles. If the contract is construed otherwise, the seller was clothed with the power to increase the price per gallon by effecting deliveries in wood instead of iron, and this in the face of the evident intent of the parties to fix the price at 2 cents per gallon less than the price in wood.

Furthermore, the conclusion that a blank contract was the foundation of this engagement is emphasized in correctness when the interjected clause, with its surroundings, is considered. The effect of the interjected clause in this contract was conditional upon the character of receptacle to be used in deliveries, and not having stipulated for deliveries in wood barrels, or not having left it open to the seller's choice, the clause can have no influence in the premises. It follows that the contract required deliveries in iron; and the defendants were not obliged by the contract to accept deliveries in wood. Deliveries undertaken to be made in wood, if not accepted, cannot be the basis for liability against defendants; but, even if made in wood and accepted by defendants, they are liable only for the quantity of gasoline actually received by them. From this conclusion it necessarily follows that the rulings on evidence, assigned as errors, but admitted testimony in accordance with the proper construction of the contract as we have stated it, and were, hence, without prejudice to plaintiff.

The three remaining assignments of error rest upon the oral charge of the court. The theory adopted below seems to have been that it was a jury issue whether the deliveries should under the contract be in wood or iron

[Standard Oil Co. v. Weeks.]

receptacles; and that, if to be in wood, the defendants were liable for all gasoline delivered f. o. b. Pensacola in wood barrels "in good condition"; and, if not so delivered in wood barrels "in good condition," the liability of the defendants was limited to the quantity of gasoline "actually received" by them. Under the interpretation of the contract taken here, it is evident that no prejudice to plaintiff could attend the instructions given the jury in the oral extracts complained of. The court, as we view it, erred fundamentally in plaintiff's favor by not applying the contract's provisions as hereinbefore interpreted in this regard, with the result that defendant's liability should have been limited to the gasoline delivered f. o. b. Pensacola "in iron," and that quantity actually received by defendants, though forwarded in "wood barrels," together with the interest on the sum of the price of each class of deliveries. There is no assignment of error invoking review here of the amount of the sum of the recovery awarded plaintiff.

There is no prejudicial error assigned. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD. JJ., concur.